UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JEFFREY LADD and ERIN LADD, as Parents of LANE LADD and JEFFREY LADD as Administrator for the ESTATE OF LANE LADD, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| ELLIOT HOSPITAL, | ) ) ) |
| Defendant, | ) ) |

## COMPLAINT & JURY DEMAND

Plaintiffs, Jeffrey Ladd and Erin Ladd, as parents of Lane Ladd, and Jeffrey Ladd, as the duly appointed Administrator for the Estate of Lane Ladd, by and through their counsel, Russell X. Pollock of Bergstresser & Pollock PC, hereby complain against Defendant, Elliot Hospital. Plaintiffs demand a jury trial on all Counts. In support of this Complaint, Plaintiffs state as follows:

### PARTIES

1. Plaintiff, Jeffrey Ladd, is a resident of Duxbury, Massachusetts, is the father of Lane Ladd and is the Administrator of the Estate of Lane Ladd having been appointed by the Massachusetts Probate and Family Court Department, County of Plymouth, on August 23, 2023 (PL23P1886EA). At the time of her death, Lane Ladd was a resident of Duxbury, Massachusetts.

2. Plaintiff, Erin Ladd, is a resident of Duxbury, Massachusetts and is the mother of Lane Ladd.

3. Defendant, Elliot Hospital, is a hospital licensed pursuant to New Hampshire Revised Statutes Annotated 151 to provide medical services in the State of New Hampshire with

a usual and principal office address of 955 Auburn St., Manchester NH 03103 and a physical address of 1 Elliot Way, Manchester, NH 03103.

## PARTIES AND JURISDICTION

4. Plaintiffs hereby incorporate by reference all of the preceding allegations as if fully set forth at length herein.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a lawsuit between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over Elliot Hospital because it is a licensed hospital in the State of New Hampshire, with a principal place of business and physical address in Manchester, New Hampshire.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiffs hereby incorporate by reference all of the preceding allegations as if fully set forth at length herein.

9. On December 17, 2022, Lane Ladd was a six (6) year old child with a history of cough and sore throat when her parents took her to Convenient MD in Bedford, Hew Hampshire to be examined.

10. Her vital signs and presentation were concerning, so she was urgently sent via ambulance to the Emergency Department of Elliot Hospital by Convenient MD.

11. Samantha Hunt, MD was the Resident Physician at Elliot Hospital responsible for Lane's care and treatment.

12. Max Rubinstein, MD was the Attending Physician at Elliot Hospital responsible for Lane's care and treatment.

13. At Elliot Hospital, Lane was tested for COVID, Influenza and RSV, which were negative.

14. At Elliot Hospital, Lane was treated with stacked nebulizers which did not demonstrate any significant improvement.

15. At Elliot Hospital, Lane underwent a chest x-ray that was reported by the radiologist as normal.

16. Neither Dr. Rubinstein, nor Dr. Hunt, nor any of the other clinicians treating Lane Ladd at Elliot Hospital had a reasonable diagnosis or explanation for Lane's concerning vital signs and continued poor presentation.

17. Neither Dr. Rubinstein, nor Dr. Hunt, nor any of the other clinicians treating Lane Ladd at Elliot Hospital adequately observed Lane, resuscitated Lane, performed meaningful testing of Lane or otherwise meaningfully attempted to diagnose and treat her then appearing concerning condition.

18. Notwithstanding her poor condition and concerning vital signs, Lane was discharged from Elliot Hospital with a diagnosis of croup shortly before midnight on December 17, 2022, that same day.

19. On December 19, 2022, Lane was taken to Beth Israel Deacon Plymouth hospital by her mother, Erin Ladd, with difficulty breathing.

20. As before, her vital signs and presentation were concerning when she was admitted to the hospital.

21.     Despite significant efforts to treat her condition, Lane went into cardiac arrest and died later during the evening of December 19, 2022.

22.     Her cause of death was ultimately related to sepsis, which when timely is diagnosed is treatable.

23.     Had Lane been properly diagnosed and treated at and by the Defendant Elliot Hospital, where she was sent urgently by Convenient MD to be diagnosed and treated, she would not have died of this condition and would be alive today.

**COUNT 1**
**(Negligence – wrongful death of Lane Ladd)**

24.     Plaintiffs hereby incorporate by reference all of the preceding allegations as if fully set forth at length herein.

25.     Employees, servants and agents, both actual and apparent, of Defendant Elliot Hospital, including but not limited to Max Rubinstein, MD and Samantha Hunt, MD, had a duty to exercise the degree of skill, care, diligence, knowledge, and learning ordinarily exercised and possessed by the average medical care facility and physicians taking into account the existing state of knowledge in the practice of medicine generally, specifically, including, but not limited to:

- the duty to take all steps necessary on December 17, 2022 to protect Lane Ladd as a patient of the hospital;

- the duty on December 17, 2022 to safeguard her from and to treat abnormal or detrimental findings to the extent possible and as required by the standard of skill, care, diligence, knowledge, and learning;

- the duty to ensure on December 17, 2022 that Lane Ladd was meaningfully evaluated, diagnosed, and provided with appropriate treatment for her then presenting condition;

4

- the duty to ensure that on December 17, 2022 Lane Ladd was referred for appropriate consults, including but not limited to, referral for an infectious disease consultation and intensive care;

- the duty to ensure that on December 17, 2022, Defendant consulted with appropriate specialists as necessary for the appropriate care and treatment for Lane Ladd including but not limited to, specialists in infectious disease and critical care medicine;

- the duty to ensure that on December 17, 2022, that Lane Ladd was not discharged from the hospital until her then condition was properly evaluated, diagnosed and treated;

- the duty to ensure that on December 17, 2022, that Lane Ladd was not discharged from the hospital until she was properly resuscitated, stabilized, improved and recovered; and

- and any and all additional duties as may have arisen from the obligations of accepting Lane Ladd as a patient on December 17, 2022.

26. Employees, servants and agents, both actual and apparent, of Defendant Elliot Hospital, including but not limited to Max Rubinstein, MD and Samantha Hunt, MD, disregarded these duties, failed to exercise the degree of skill, care, diligence, knowledge and learning ordinarily exercised and possessed by the average medical care facility and physicians, taking into account the existing state of knowledge in the practice of medicine generally, specifically, including, but not limited to, failing to:

- take all steps necessary on December 17, 2022 to protect Lane Ladd as a patient of the hospital;

- on December 17, 2022, safeguard her from and to treat abnormal or detrimental findings to the extent possible and as required by the standard of skill, care, diligence, knowledge, and learning;

- ensure on December 17, 2022 that Lane Ladd was meaningfully evaluated, diagnosed, and provided with appropriate treatment for her then presenting condition;

- ensure that on December 17, 2022 Lane Ladd was referred for appropriate consults, including but not limited to, referral for an infectious disease consultation and intensive care;

- ensure that on December 17, 2022, defendants consulted with appropriate specialists as necessary for the appropriate care and treatment for Lane Ladd including but not limited to, specialists in infectious disease and critical care medicine;

- ensure that on December 17, 2022, that Lane Ladd was not discharged from the hospital until her then condition was properly evaluated, diagnosed and treated;

- ensure that on December 17, 2022, that Lane Ladd was not discharged from the hospital until she was properly resuscitated, stabilized, improved and recovered; and

- discharge other duties as may have arisen from the obligations of accepting Lane Ladd as a patient on December 17, 2022.

27. Employees, servants and agents, both actual and apparent, of Defendant Elliot Hospital, including but not limited to Max Rubinstein, MD and Samantha Hunt, MD, charged with Lane Ladd's care were employees, servants and/or agents, actual or apparent, of Elliott Hospital,

which is liable for all of the acts and omissions of these individuals, and its other employees, servants and/or agency, under the doctrines of *respondeat superior* and vicarious liability.

28. As a direct and proximate consequence of Elliot Hospital's breaches of the duties and actions described above, Lane Ladd suffered losses and damages, including, but not limited to her untimely and wrongful death from complications of her undiagnosed infection, losing a clearly probable cure which would have been achievable with proper treatment and follow-up starting on December 17, 2022, loss of enjoyment of life, dramatically reduced life expectancy and increased risk of impending death, loss of income, loss of earning capacity, and other expenses and other lost economic benefits and damages.

**COUNT II**
**(Statutory Claim for Jeffrey Ladd and Erin Ladd, as Parents of Lane Ladd,**
**Pursuant to RSA 556:12, III)**

29. Plaintiffs hereby incorporate by reference all of the preceding allegations as if fully set forth at length herein.

30. As a result of Defendant's negligence as set forth herein, Jeffrey Ladd and Erin Ladd have lost the familial relationship with their minor daughter, Lane Ladd.

31. Plaintiffs are entitled to recovery of damages pursuant to the provision of RSA § 556:12, III.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the Court to enter judgment as follows:

A. Award Plaintiffs compensatory damages, exemplary damages, and attorneys' fees, costs and expenses under each count of this Complaint, in an amount to be

determined at time of trial, together with pre-judgment and post-judgment interest accrued thereon; and

B.     Award such other and further relief this Court shall deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

Dated: November 30, 2023

                                            Respectfully submitted,

**JEFFREY LADD AND ERIN LADD, as Parents of LANE LADD and JEFFREY LADD as Administrator for the ESTATE OF LANE LADD,**

By their attorneys,

BERGSTRESSER & POLLOCK PC

/s/ Russell X. Pollock
Russell X. Pollock, N.H. Bar No. 13878
russ@bergstresser.com
52 Temple Place, 4th FL
Boston, MA 02111
Telephone (617) 682-9211
Facsimile (617) 451-1070